UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:06-CR-447-T-17EAJ

CARLOS DANIEL CONTENTO-
CLAVIJO.

_____/

ORDER

This cause is before the Court on:

Dkt. 52   Agreed Motion to Grant Defendant Full Credit
          For Time Served in Colombia Awaiting
          Extradition

Defendant Carlos Daniel Contento-Clavijo moves for entry of an Order which reflects the date that Defendant was received in custody awaiting transportation to the official detention facility, granting Defendant full credit for the time Defendant served in Columbia awaiting extradition, pursuant to 18 U.S.C. Sec. 3585 and Fed. R. Crim. P. 36.

Defendant Contento-Clavijo was arrested for extradition purposes on February 17, 2007. Defendant states that the Bureau of Prisons' calculations indicate that Defendant began to serve his sentence on October 22, 2007, which is the date that Defendant Contento-Clavijo arrived in the United States, rather than the date Defendant Contento-Clavijo was arrested.

The Government does not object to Defendant's Motion.

Case No. 8:06-CR-447-T-17EAJ

The Court notes that Defendant's Motions refers to exhibits which were not attached to the Motion. The Court will assume that the exhibits Defendant intended to file contain the statements Defendant states they contain.

The Court also notes that the Judgment and Commitment Order (Dkt. 48) accurately states that Defendant is to be given credit for time served; there is no clerical error in the Judgment and Commitment Order.

In United States v. Lucas, 898 F.2d 1554 (11th Cir.1990) (per curiam), the Eleventh Circuit Court of Appeals held that the Attorney General has the initial discretion to determine credit for the defendant's time in custody prior to imposition of sentence, and that he has delegated the right to make the determination to the Bureau of Prisons. "The Bureau has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment. See 28 C.F.R. §§ 542.10 to .16. These regulations ... set out the procedures that prisoners must pursue prior to seeking relief in the district court." The Eleventh Circuit further held "that exhaustion of these administrative remedies is jurisdictional". Id. at 1556. See United States v. Herrera, 931 F.2d 761 (11th Cir. 1991). The Court also notes that a claim for credit for time served is not appropriate on direct appeal, and should be filed as a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2441 against the BOP. United States v. Berrio, 428 Fed. Appx. 944 (11th Cir. 2011).

Defendant Contento-Clavijo does not allege that Defendant has exhausted the administrative remedies available to him. The Court therefore denies Defendant's Motion without prejudice for lack of jurisdiction. Accordingly, it is

Case No. 8:06-CR-447-T-17EAJ

**ORDERED** that Defendant's Agreed Motion to Grant Defendant Full Credit For Time Served in Colombia Awaiting Extradition (Dkt. 52) is **denied without prejudice** for lack of jurisdiction.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 15th day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record